By the Court:
The contention of counsel for the relator is that on the third Monday of October. 1896, in view of the expiration cf the official term of the auditor, and the death of Niter house, who had been elected to succeed him, there happened a vacancy in the office for the definite term of three years, and that as the vacancy occurred less than thirty days before the general election of that year, it would require both an appointment by the commissioners *169 and an election by the people to fill it. This view does not seem to-be warranted. As to this particular vacancy it was held in State ex rel. v. Dahl et al., 55 Ohio St., 195, that it did not happen upon the death of Niter house, but on the third Monday in October, 1896, and that as this was less than thirty days before the general election of that year it could not then be filled by the people. It therefore became the duty of the county commissioners, under section 1017, Revised Statutes, to fill the vacancy by appointment. By the terms of section 11, Revised Statutes, the appointee was entitled to hold until “his successor is elected and qualified, and such successor shall be elected at the first proper election that is held more than thirty days after the occurrence of the vacancy. ” The first proper election was that of November, 1897. State v. Barbee, 45 Ohio St., 347. It is admitted that the election of Craig to the office at that time was proper. For what term was he elected? This question is explicitly answered in section 1013, Revised Statutes: “A county auditor shall be chosen triennially in each county, who shall hold his office for three years, commencing on the third Monday in October next after his election.” The adverb “triennially” cannot have the determining effect claimed for it by counsel for the relator. The auditor of Fayette county having been properly elected in 1897, an election to that office in 1898 would not be triennial. Auditors are elected triennially if vacancies do not happen. But there is not, nor was there in 1897, any authority of law for the election of a county auditor for a term shorter than three years.

Writ refused.